Morton B. Silberman, J.
This is an article 78 proceeding in the nature of mandamus to compel respondents to recognize petitioner’s newspaper as an official newspaper of the City of Yonkers. By order dated April 24, 1970, this court denied the motions of respondents and the intervenor to dismiss the petition as legally insufficient, and directed them to serve and file their answers. Respondents and the intervenor have interposed their answers. Petitioner now moves to strike the affirmative defenses set forth therein as legally insufficient and for judgment for the relief prayed for in the petition.
Pursuant to section 43 of the Second Class Cities Law, the City Council of the City of Yonkers, at its organizational meeting on January 2, 1968, designated petitioner’s weekly newspaper, and the Herald-Statesman, a daily newspaper, as the official newspapers of the city. Section 43 provides, in part, that once so designated a newspaper continues to be an official newspaper ‘1 for two years and until a successor or successors shall be designated.” Petitioner alleges that at the organizational meeting of the City Council on January 2, 1970, the council purported to designate the Herald-Statesman and the weekly newspaper published by the intervenor herein, as the new official newspapers. Petitioner further alleges that the method of designation employed by the City Council on January 2, 1970 was in violation of the procedures mandated by section 43 of the Second Class Cities Law; that the purported designation of successors to the newspapers designated in 1968 was, therefore, void and of no legal effect; and that petitioner’s newspaper continues to be an official newspaper by virtue of its designation as such in 1968, because no successor has been legally designated.
The procedure governing the designation of official newspapers is prescribed by section 43 of the Second Class Cities Law. That statute provides: ‘ ‘ Unless the common council shall so determine [by two-thirds vote] to designate but one official paper, it shall designate two official papers, of opposite political faith, and of which at least one shall be a daily newspaper, and each member shall be entitled to vote for but one paper, and the two papers having the highest number of votes shall be the *1050 official papers for two years and until a successor or successors shall be designated. ’ ’
It is quite clear that this statute mandates that if there be two official newspapers that at least one must be a daily newspaper, and that the two newspapers designated be of opposite political faith.
It is conceded by all parties that there is but one daily newspaper published in the City of Yonkers, to wit, the Herald-Statesman, and that said newspaper is of the Republican “ political faith ”.
At the organizational meeting of the City Council on January 2, 1970, the Mayor requested the Corporation Counsel to “ render an opinion as to whether or not we must have two newspapers, and if so, the appropriate procedure to designate them.” The minutes of the meeting reflect the following:
“ Corporation Counsel, Mr. Cline, reported that Sec. 43 of the Second Class Cities Law states that the Council shall designate not more than 2 newspapers of opposite political faith, to be the official newspaper or papers of the City, one of which must be a daily paper, published in this City. The Council may, by a %rd vote, determine to designate 1 Official Paper, which must be a daily newspaper published in this City.
“ Mr. Cline further ruled that since the Herald-Statesman is the only daily newspaper published in this City, it must be one of the designated newspapers. Therefore, it is not necessary for the Council to formally vote for the Herald-Statesman, as it is an official newspaper by virtue of the Second Class Cities Law. However, in order to designate a second newspaper, a formal vote would have to be taken by the Council, with each Councilman allowed but one choice.
“ Based on this ruling that the Herald-Statesman must be one of the Official Newspapers * * * [a] vote was taken for the second newspaper ”.
On the roll call that followed, only the weekly newspapers published by petitioner and the intervenor were nominated for designation as the second official newspaper. The intervenor’s paper received 7 of the 13 votes cast. Petitioner’s paper received the remaining 6 votes. The Mayor thereupon announced that the intervenor’s paper and the Herald-Statesman had been designated by the council to be the official newspapers.
In this proceeding petitioner contends that section 43 must be construed to require the council to designate the official daily and weekly papers by means of a single and formal ballot in which each member of the council is allowed to cast only one *1051 vote, even where, as here, there is but one daily newspaper eligible for designation.
The city contends that the construction of section 43 urged by petitioner is unreasonable. The city argues that since the statute mandates that at least one of the official papers be a daily, and since the Herald-Statesman is the only daily published in the city, that newspaper had to be designated as one of the official papers. The city contends that, under such circumstances, the taking of a formal vote for the Herald-Statesman would be meaningless and would render the statute unworkable.
The court agrees with the position taken by the respondent City Council. To require that the Herald-Statesmm be designated only by a formal vote would make this statute unworkable. For example, assuming that the six councilmen who voted for petitioner’s weekly newspaper remained steadfast, then under petitioner’s construction of section 43 there could have been no valid designation of successors to the official papers designated in 1968, unless at least four of the seven councilmen who voted for the intervenor’s weekly newspaper voted instead for the Herald-Statesmm. This would be so, because the statute requires at least one of the official papers to be a daily and provides further that ‘ ‘ the two papers having the highest number of votes shall be the official papers.” Had the Herald-Statesman received less than four votes, then it would not have been one of the two papers having the highest number of votes. Instead, petitioner’s weekly and the intervenor’s weekly would have received the highest number of votes. Obviously, since both of those papers are weeklies, such a designation would have been invalid. "What legitimate purpose then would be served by requiring a councilman to cast his only vote for a daily newspaper which must be designated as an official paper in any event? Indeed, what compulsion could section 43 exert upon a councilman to make him vote for the only daily newspaper in the city? It seems obvious to this court that petitioner’s construction of this statute produces an unreasonable result and renders the statute unworkable. It must, therefore, be rejected (see, generally, McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §i§ 143,145, and authorities there cited).
Petitioner’s reliance upon the policy statement made in People, ex rel. Argus Co. v. Bresler (171 N. Y. 302, 308) is misplaced. The statute involved in Argus is materially different from section 43. That statute did not give the council the option of designating only one official paper. It mandated the council to designate two papers. Whereas section 43 now permits the council to designate either two dailies or one daily and one *1052 weekly, the statute involved in Argus required both official papers to be dailies. Obviously, then, a situation such as the one in the present case (namely, one in which there is but one eligible daily and several eligible weeklies) could not have arisen under the statute in Argus.
Section 43 requires (a) that the two official papers be of opposite political faith and (b) that at least one of the papers be a daily. Since there was only one daily published in the City of Yonkers, which daily is concededly a paper of the Republican “political faith”, the only action required of the council was to vote for a weekly paper of “ opposite political faith”. This, the council did. The council thereby satisfied the requirements of the statute.
Accordingly, the petition is dismissed.